# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| DONNEZ LUSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| HYUNDAI MOTOR | ) | JURY DEMANDED |
| MANUFACTURING ALABAMA, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Donnez Luster (hereinafter "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant Hyundai Motor Manufacturing Alabama, LLC (hereinafter "Defendant") and seeks redress for retaliation suffered in his capacity as an employee of Defendant. Plaintiff has been discriminated by Defendant on account of Plaintiff's participation in a protected activity in violation of the Civil Rights Act of 1964 and any other causes of action that can be inferred from the facts set forth herein. In support of his Complaint, Plaintiff states as follows:

### PARTIES

1.      Plaintiff is a resident of Montgomery County, Alabama and is over the age of nineteen ("19") years.

2.      Plaintiff, for all times relevant to this action, was an "employee" of Defendant as defined under Title VII of the Civil Rights Act of 1964.

3.      Defendant is a foreign limited liability company incorporated under the laws of Delaware with its principal place of business being in the State of

Alabama. Defendant's registered agent is C T Corporation System, which can be served process at 2 North Jackson Street, Suite 605 Montogomery Alabama 36105.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because the action arises under Title VII of the Civil Rights Act of 1964.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the unlawful acts took place within Montogomery County, Alabama, which lies within the Northern Division of the United States District Court for the Middle District of Alabama.

## COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS

6. Plaintiff has complied with the jurisdictional requirements on to wit: that on or about April 14, 2025, Plaintiff filed a Charge of Discrimination in employment with the Equal Employment Opportunity Commission (hereinafter "EEOC").

7. On April 16, 2026, the EEOC issued Plaintiff a Notification of a Right to Sue, finding cause. Plaintiff filed this Complaint within the ninety ("90") day deadline. A copy of the notification is attached as "Exhibit A."

## FACTS

8. Plaintiff is a male citizen of the United States and a member of a protected class.

9. On January 12, 2015, Plaintiff began working for Defendant as a Production Team Member.

10. During Plaintiff's ten ("10") years of employment with Defendant, Plaintiff had never been written up or reprimanded.

11. On or about March 4, 2025, co-employee Elijah (Last Name Unknown) ("Elijah") made an inappropriate sexual comment towards Plaintiff.

12. Specifically, Elijah asked Plaintiff, "Do you know Pat?" In response to this, Plaintiff said, "Pat Who?" and Elijah then told Plaintiff, "Pat this d\*\*k on your lips."

13. Following Elijah's sexual comment, Plaintiff told Elijah not to speak to him like that and that Elijah should not talk to a man in that way.

14. Elijah immediately became aggressive and asked Plaintiff, "What [Plaintiff] was going to do about it?"

15. In response, Plaintiff turned and walked away from the situation.

16. Another co-employee Doug (Last Name Unknown) ("Doug") was present and witnessed Elijah's actions.

17. After experiencing Elijah's sexual comment and aggressiveness, Plaintiff engaged in a protected activity and followed Defendant's Human Resources ("HR") policies by reporting Elijah's sexual comment to HR on or about March 4, 2025.

18. Upon information and belief, on about March 12, 2025, in response to HR's investigation of the incident, another co-employee Christian (Last Name Unknown) ("Christian"), who is a friend of Elijah's, told HR that Plaintiff had used racial slurs in the workplace.

19. Plaintiff has a good faith belief that Christian was neither a witness to the harassment nor present during the Plaintiff's conversation with Elijah. Thus, upon information and belief, Christian had no reason to be involved in HR's investigation and could not be a reliable source of information.

20. Defendant's HR then asked Plaintiff about Christian's report that Plaintiff used racial slurs.

21. Plaintiff denied that he has ever used racial slurs in the workplace, and he provided a witness to rebut Christian's false accusation against him.

22. Many of Plaintiff's co-employees sent emails to Defendant's HR stating that Plaintiff never used racial slurs in the workplace.

23. On or about March 26, 2025, only twenty-two ("22") days after Plaintiff reported Elijah's sexual comment, Defendant terminated Plaintiff's employment.

24. At the time of Plaintiff's termination, Defendant provided Plaintiff with another reason for his termination, citing a private, after work hours conversation in which Plaintiff used racial slurs.

25. Plaintiff is unaware of any instances where any other employees have been terminated for private, after work hours conversations.

26. When Plaintiff was terminated, Plaintiff informed Defendant that its grounds for termination were fabricated.

27. Though Defendant was made aware that Plaintiff's grounds for termination were false, Defendant did not investigate any further.

28. During Defendant's investigation, Defendant failed to follow their own policy.

29. Defendant's alleged reasons for termination were pre-textual because not only had Plaintiff never been written up or reprimanded during the 10 years of his employment, but Plaintiff's reporting and his termination were close in temporal proximity.

## COUNT I:
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED 42 U.S.C § 2000 ET SEQ.
## (Retaliation)

30.    Plaintiff repeats and realleges the allegation contained in Paragraphs 1–29.

31.    Defendant intentionally discriminated against Plaintiff by retaliating against him for engaging in a protected activity when Plaintiff reported Elijah's sexual comment towards Plaintiff.

32.    Defendant's conduct violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3 et. seq. because it engaged in the practice of retaliation against Plaintiff when Plaintiff participated in a protected activity.

33.    Defendant's discriminatory actions against Plaintiff were intentional and done with reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

34.    As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer emotional distress, mental anguish, monetary damages, and other damages.

WHEREFORE, Plaintiff prays this Court will:

A. Enter a declaratory judgment, declaring the Defendant's past practices herein complained of to be unlawful.

B. Order Defendant to institute and carry out policies, practices, and programs providing equal employment opportunities for employees and eradicating the effects of its past and present unlawful employment practices.

C. Order Defendant to make Plaintiff whole by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D. Order Defendant to make Plaintiff whole by providing compensation for pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, punitive damages, and inconvenience, in amounts to be determined at trial.

E. Grant such further relief as the court deems necessary and proper.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES OF THE COMPLAINT.

/s/ Jon-Kaden Mullen
D. Jeremy Schatz
Jon-Kaden Mullen (MUL040)
*Attorneys for Plaintiff*

**OF COUNSEL:**
Virtus Law Group
2017 Morris Avenue, Ste 100
Birmingham, AL 35203
js@vlgal.com
jm@vlgal.com

**Please Serve Defendants By Certified Mail As Follows:**

**HYUNDAI MOTOR MANFUCATURING
ALABAMA, LLC
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montogomery, Alabama 36104**